Aymett *v.* Butler.

8L 453
10L 115

E. F. AYMETT *v.* J. D. BUTLER, Adm'r, and another.

1. BILL OF EXCEPTIONS. Depositions excluded by the chancellor because of the incompetency of the witness must be made a part of the record by bill of exceptions.

2. WITNESS. *Incompetent. When.* Upon bill filed by a judgment creditor to reach the indebtedness of a deceased person to the debtor by open account, either upon a return of *nulla bona* or upon an assignment of the account, the debtor, made a party to the suit, is not a competent witness, under the Code, sec. 3813 *d*, to prove the account.

FROM GILES.

Appeal from the Chancery Court at Pulaski. W. S. FLEMING, Ch.

N. & F. SMITHSON for complainant.

A. J. ABERNATHY for defendants.

COOPER, J., delivered the opinion of the court.

The complainant, as the owner by purchase of a judgment against defendant J. E. Lancaster upon which an execution had been returned *nulla bona*, filed this bill against the defendant Lancaster, and the defendant Butler as the administrator of James M. Marks, deceased, to reach for the satisfaction of the judgment an alleged indebtedness of the deceased to Lancaster for medical services. The only evidence introduced by the complainant to establish the alleged indebtedness, which was denied by the administrator in his answer, consisted of the deposition of Lancaster himself. The only evidence introduced by the defendant Butler consisted of his own deposition undertaking to detail a conversation between him and deceased shortly before the death of the latter touching said alleged debt. The chancellor, upon motion of the complainant, excluded the deposition of Butler, and, upon like motion of Butler, adjudged the deposition of Lancaster to be incompetent and inadmissible, and dismissed the bill. Neither deposition is made part of the record by bill of exceptions, and cannot, therefore, be noticed by this court: *Perry* v. *Pearson*, 1 Hum., 131; *Spurlock* v. *Fulks*, 1 Swan, 289. There being no evidence to establish the debt sought to be reached, the bill necessarily fails, and was properly dismissed.

The question sought to be raised by this appeal, and argued by counsel is, whether Lancaster is a competent witness to establish the existence of the indebtedness of the intestate to him, which the complainant

Aymett *v.* Butler.

is seeking by his bill to reach. This question turns upon the construction of the act of 1870, ch. 78, sec. 2, brought into the Revised Statutes, sec. 3813 *d.* That section is: " In actions or proceedings by or against executors, administrators or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with, or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party." This is an action against an administrator to hold the estate of his intestate liable to the defendant Lancaster for the benefit of the complainant. It is equivalent to a suit at law on the alleged indebtedness by open account in the name of Lancaster for the use of complainant. In such a suit, Lancaster would be incompetent, either at common law or under the statute, to prove transactions with, or statements by the intestate tending to establish the debt: *Anderson* v. *Bradie,* 7 Yer., 297 ; *Trabue* v. *Turner,* 10 Heis., 447. An actual transfer of the account by Lancaster to complainant pending the suit could not alter the result.

Affirm the decree with costs.